UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1093

MARTIAL NIMBO KELOJOU,

                    Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 22, 2008        Decided: September 12, 2008

Before NIEMEYER and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Edward Dosa-Wea Neufville, III, MORAISNEUFVILLE LAW FIRM, LLC, Silver Spring, Maryland, for Petitioner. Gregory G. Katsas, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Andrew B. Insenga, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martial Nimbo Kelojou, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his request for adjustment of status. Based on our review of the record and Kelojou's concession that the immigration judge lacks jurisdiction over his application for adjustment of status, we deny the petition for review for the reasons stated by the Board. See In re: Kelojou (B.I.A. Dec. 7, 2007).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]We find no support for Kelojou's assertion that he filed a motion for remand with the Board in August 2006. Accordingly, we lack jurisdiction over the claims raised in his brief, which all pertain to the motion for remand, on the ground that we lack jurisdiction to consider such claims in the first instance. See 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004) (holding that the court lacks jurisdiction to consider an argument that was not raised before the Board).

2